IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM C. DENHAM, | ) | Civ. No. 07-00126 HG-BMK |
| | ) | Civ. No. 08-00270 HG-BMK |
| Plaintiff, | ) | (Consolidated Cases) |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAIIAN ELECTRIC CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER UPHOLDING THE MAGISTRATE JUDGE'S NOVEMBER 9, 2009 ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF WILLIAM DENHAM'S MOTION TO HOLD IN ABEYANCE ENTITLEMENT TO CONDUCT FOUR DEPOSITIONS, FILED SEPTEMBER 4, 2009 (DOC. 114)
AND
UPHOLDING THE MAGISTRATE JUDGE'S DECEMBER 10, 2009 ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE'S ORDER AND AWARDING SANCTIONS (DOC. 121)
AND
DENYING PLAINTIFF'S APPEAL AND REQUEST TO THE DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE (DOC. 125)**

Plaintiff William C. Denham appeals the Magistrate Judge's decision to award Defendant Hawaiian Electric Company their attorneys' fees and costs incurred in opposing Plaintiff's discovery motions.

The Magistrate Judge's orders are **UPHELD**, and Plaintiff's appeal is **DENIED**.

**PROCEDURAL HISTORY**

On November 9, 2009, the Magistrate Judge filed an "Order

1

Granting In Part And Denying In Part Plaintiff William Denham's Motion To Hold In Abeyance Entitlement To Conduct Four Depositions, Filed September 4, 2009." (Doc. 114.)

On November 24, 2009, Plaintiff filed a "Motion for Reconsideration Of Magistrate's Order." (Doc. 117.)

On November 30, 2009, Plaintiff filed a letter brief regarding the parties' dispute as to the amount of fees and costs. (Doc. 122.) On December 4, 2009, Defendant filed a letter brief in response. (Doc. 123.)

On December 10, 2009, the Magistrate Judge filed an "Order Denying Plaintiff's Motion For Reconsideration Of Magistrate's Order And Awarding Sanctions." (Doc. 121.)

On December 19, 2009, Plaintiff filed an "Appeal And Request To The District Court To Reconsider A Pretrial Matter Determined By The Magistrate Judge." (Doc. 125.)

On December 31, 2009, Defendant filed a "Memorandum in Response." (Doc. 126.)


**STANDARD OF REVIEW**

Title 28 U.S.C. § 636(b)(1)(A) permits a district court judge to designate a magistrate judge to determine any pretrial matter pending before the court. Under Local Rule 74.1, any party may file an appeal from a magistrate judge's order determining a non-dispositive matter within fourteen days after

being served with a copy of the order.[1]  The district judge shall consider the appeal and shall set aside any portion of the order found to be clearly erroneous or contrary to law.  The district judge may also reconsider *sua sponte* any matter determined by a magistrate judge under Local Rule 74.1.

The district judge must affirm the magistrate judge unless the district judge is left with the "definite and firm conviction that a mistake has been committed." Burdick v. Commissioner, 979 F.2d 1369, 1370 (9th Cir. 1992) (internal citation omitted). Pretrial orders of a magistrate judge under § 636(b)(1)(A) are reviewable under the "clearly erroneous and contrary to law" standard and are not subject to *de novo* determination.  Grimes v. City & County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991) (internal citation omitted).

## ANALYSIS

Plaintiff William C. Denham argues that the Magistrate Judge did not have the authority to award Defendant Hawaiian Electric Company ("HECO") its attorneys' fees and costs incurred in opposing Plaintiff's discovery motion.  Plaintiff relies on Zambrano v. City of Tustin, 885 F.2d 1473 (9th Cir. 1989).  In

---

[1] Effective December 1, 2009, the Local Rules were amended to extend the time period for appealing a magistrate judge's order from eleven days after entry of the order to fourteen days after service.  LR 1.2 and LR 74.1.

Zambrano, the district court sanctioned counsel for failing to comply with a local rule requiring admission to the district court bar.  Id. at 1477.  The sanction consisted, in part, of opposing counsel's fees calculated at the conclusion of the case. Id. at 1475-1476.  The Ninth Circuit Court of Appeals upheld the general power of the district court to sanction attorneys for violations of local rules.  Id. at 1477.  The appellate court concluded, however, that under the particular circumstances of the case, counsel's actions did not warrant the sanction of fee shifting.  Id. at 1474.  If the case had been prosecuted in bad faith or in deliberate violation of a court order, then the district court may have been justified in sanctioning the attorneys by fining them or ordering them to compensate the prevailing party for attorneys' fees.  Id. at 1482.

Unlike Zambrano, Plaintiff here was ordered to pay opposing counsel's costs and fees incurred in responding to Plaintiff's discovery motion and motion for reconsideration, rather than fee-shifting for the entire case.  The Court is not required to find that Plaintiff prosecuted the case in bad faith or deliberately violated a court order.  Under Zambrano, a district court may impose a reasonable fine for conduct amounting to recklessness, gross negligence, repeated although unintentional flouting of the rules, or willful misconduct.  885 F.2d at 1480, 1482.

**I.    Plaintiff Failed To Exercise Diligence In Pursuing Depositions Throughout This Matter**

On March 8, 2007, Plaintiff filed the Complaint in this case, Civil No. 07-00126 HG-KSC. (Doc. 1.)  Discovery was originally scheduled to close on July 18, 2008. (Doc. 14.)  On June 9, 2008, Plaintiff filed a second Complaint against the same Defendant in Civil No. 08-00270 HG-KSC. (Doc. 1.)  The cases were consolidated on June 30, 2008. (Doc. 57.)  On September 22, 2008, the parties appeared before the Magistrate Judge for a settlement and rescheduling conference. (Doc. 71.)  At the hearing, the Magistrate Judge closed discovery but granted Plaintiff 30 days to initiate any requests for documents. (Id.)

Six months later, by letter dated March 30, 2009, for the first time Plaintiff notified Defendant of his intent to depose over 20 individuals. (Letter from Plaintiff's Counsel to Defendant's Counsel, attached as Exh. 2 to Plaintiff's Motion For Order Authorizing Plaintiff To Conduct Depositions And Other Discovery, (Doc. 82-4).)  Defendant objected to the depositions, and on April 16, 2009, Plaintiff filed a Motion For Order Authorizing Plaintiff To Conduct Depositions And Other Discovery. (Doc. 82.)

The matter came for a hearing before the Magistrate Judge on May 7, 2009. (Doc. 88.)  The Magistrate Judge granted Plaintiff's motion in part, permitting four depositions and extending discovery until July 6, 2009. (Id.)  On June 1, 2009, Plaintiff retained new counsel, (Doc. 94), but the same conduct

continued.  On Friday, July 3, 2009, the last business day before the discovery deadline, Plaintiff filed an Ex Parte Motion To Hold In Abeyance Entitlement To Conduct Four Depositions. (Doc. 102.)  The Magistrate Judge denied the motion on July 6, 2009, stating that it was improperly brought as an *ex parte* motion.  (Doc. 105.)

        Two months later, on September 4, 2009, Plaintiff filed a Motion To Hold In Abeyance Entitlement To Conduct Four Depositions ("September 4, 2009 Motion").  (Doc. 108.)  Defendant filed an Opposition on October 5, 2009.  (Doc. 110.)  The matter came for a hearing before the Magistrate Judge on October 23, 2009.  (Doc. 111).  At the hearing, the Magistrate Judge questioned Plaintiff's counsel as to why he waited until two months after the discovery deadline to file the motion. (Transcript of Oct. 23, 2009 Hearing at pp. 7-8, (Doc. 119).) Counsel stated a number of reasons, including that his workload prevented him from filing the motion earlier.  (Id. at p. 8.) The Magistrate Judge found that Plaintiff failed to diligently approach the Court regarding the need to conduct depositions. (Id. at p. 15.)  The Magistrate Judge granted Plaintiff's motion in part, permitting Plaintiff to take four depositions.  (Id. at pp. 15-16.)  The Magistrate Judge ordered Plaintiff to pay opposing counsel's costs and fees incurred in responding to Plaintiff's September 4, 2009 Motion.  (Id. at pp. 15-16.)  On

November 9, 2009, the Magistrate Judge filed a written order with the same terms. (Doc. 114.)

On November 24, 2009, Plaintiff filed a Motion For Reconsideration of the Magistrate Judge's November 9, 2009 Order. (Doc. 117.) Both parties filed letter briefs addressing the amount of costs and fees. (Docs. 122-123.) On December 10, 2009, the Magistrate Judge filed a written order denying Plaintiff's Motion For Reconsideration. (Doc. 121.) In the December 10, 2009 Order, the Magistrate Judge reiterated Plaintiff's lack of diligence and awarded Defendant HECO its reasonable attorneys' fees and costs incurred in opposing Plaintiff's September 4, 2009 Motion and Plaintiff's Motion for Reconsideration, a total of $5,768.82. (<u>Id.</u>)

## II. Plaintiff's Lack Of Diligence Violated The Local Rules

Plaintiff's failure to exercise due diligence violates the Local Rules and the Hawaii Rules of Professional Conduct. Local Rule 11.1, entitled, "Sanctions and Penalties for Noncompliance With the Rules," gives this Court authority to sanction Plaintiff for violating the Local Rules:

> "Failure of counsel or of a party to comply with any provision of these rules is a ground for imposition of sanctions. Sanctions may be imposed by the court *sua sponte*. Consistent with the Federal Rules of Civil Procedure, failure to comply with these rules may result in a fine, dismissal, or other appropriate

sanction."[2]

Under Local Rule 16.1, attorneys that practice before the district court "shall proceed with diligence to take all steps necessary to bring an action to readiness for pretrial and trial."[3]  The Hawaii Rules of Professional Conduct impose a duty to "act with reasonable diligence and promptness in representing a client."  (Haw. R. Prof'l Conduct R. 1.3.)  Counsel are required to "observe the standards of professional and ethical conduct required of members of the Hawaii State Bar."  (Local Rule 83.3.)

Plaintiffs' actions are similar to those of the defendant in Patelco Credit Union v. Sahni, 262 F.3d 897 (9th Cir. 2001).  In Patelco, Defendant filed a late motion to compel discovery.  Id. at 903.  The district court denied the motion and attributed defendant's failure to obtain the requested discovery to a lack of diligence.  Id.  The court sanctioned defendant by awarding plaintiff its attorneys' fees and costs in responding to the motion.  Id. at 902 n.3.  The Ninth Circuit Court of Appeals

---

[2] Effective December 1, 2009, Local Rule 11.1 was amended as follows:  "Failure of counsel or of a party to comply with any provision of these rules is a ground for imposition of sanctions, including a fine, dismissal, or other appropriate sanction. Sanctions may be imposed by the court sua sponte consistent with applicable law."

[3] Effective December 1, 2009, Local Rule 16.1 was amended as follows: "All counsel and all parties proceeding pro se shall proceed with diligence to take all steps necessary to bring an action to readiness for pretrial and trial."

affirmed, holding that it was not an abuse of discretion for the district court to deny the motion and conclude that defendant failed to exercise diligence.  <u>Id.</u> at 913.

Plaintiff here waited until six months after the original discovery deadline passed to request depositions for the first time.  The Magistrate Judge granted Plaintiff additional time to conduct a limited number of depositions, and Plaintiff again knowingly allowed the discovery deadline to pass.  Nearly two months after the deadline, Plaintiff filed a motion requesting to take the depositions.  Rather than deny Plaintiff's request, the Magistrate Judge permitted the depositions to go forward and sanctioned Plaintiff for his conduct.  An excessive workload does not constitute just cause or good reason for delay.

Plaintiff failed to act with diligence, as required by Local Rule 16.1 and Hawaii Rule of Professional Conduct 1.3.  This conduct amounted to gross negligence or recklessness.  The Magistrate Judge's decision to award Defendant HECO its attorneys' fees and costs incurred in opposing Plaintiff's discovery motion is **UPHELD**.

The Court declines to award Defendant HECO its fees and costs incurred in opposing this appeal.

**CONCLUSION**

(1) The Magistrate Judge's "Order Granting In Part And Denying In Part Plaintiff William Denham's Motion To Hold In Abeyance Entitlement To Conduct Four Depositions, Filed September 4, 2009," filed November 9, 2009, (Doc. 114), is **UPHELD**;

(2) The Magistrate Judge's "Order Denying Plaintiff's Motion For Reconsideration Of Magistrate's Order And Awarding Sanctions," filed December 10, 2009, (Doc. 121), is **UPHELD**;

(3) Plaintiff William Denham's "Appeal And Request To The District Court To Reconsider A Pretrial Matter Determined By The Magistrate Judge," filed December 19, 2009, (Doc. 125), is **DENIED**; and

(4) Plaintiff must pay to Defendant HECO their reasonable attorneys' fees and costs incurred in opposing Plaintiff's "Motion To Hold In Abeyance Entitlement To Conduct Four Depositions," filed September 4, 2009, (Doc. 108), as well as Plaintiff's Motion For Reconsideration, filed November 24, 2009, (Doc. 117). The total award is $5,768.82.  The Court declines to award Defendant HECO its fees and costs incurred in

opposing this appeal.


IT IS SO ORDERED.

DATED: January 29, 2010, Honolulu, Hawaii.



        /S/ Helen Gillmor

_____

Helen Gillmor
United States District Judge


Denham v. Hawaiian Electric Company, Inc.; Civ. No. 07-00126 HG-
BMK (Consolidated with Civ. No. 08-00270 HG-BMK); **ORDER UPHOLDING
THE MAGISTRATE JUDGE'S NOVEMBER 9, 2009 ORDER GRANTING IN PART
AND DENYING IN PART PLAINTIFF WILLIAM DENHAM'S MOTION TO HOLD IN
ABEYANCE ENTITLEMENT TO CONDUCT FOUR DEPOSITIONS, FILED SEPTEMBER
4, 2009 (DOC. 114) AND UPHOLDING THE MAGISTRATE JUDGE'S DECEMBER
10, 2009 ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF
MAGISTRATE'S ORDER AND AWARDING SANCTIONS (DOC. 121) AND
DENYING PLAINTIFF'S APPEAL AND REQUEST TO THE DISTRICT COURT
TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE
JUDGE (DOC. 125).**